UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERIC OLSEN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV00475 RWS |
| | ) | |
| FMH BENEFIT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendant FMH Benefit Services, Inc.'s ("FMH") Motion to Dismiss [#7]. Defendant moves to dismiss Plaintiff Eric Olsen's complaint on the basis of preemption under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. FMH argues that none of the relief Olsen seeks is available to him under ERISA.

Because I find that Olsen's claims are preempted by ERISA, I will grant this motion. However, I will also grant Olsen leave to amend his complaint to seek the relief available under ERISA.

## Background

Olsen filed his two-count petition against FMH in the Circuit Court of the City of St. Louis as a result of FMH's refusal to pay medical care and treatment costs according to its alleged obligation under Olsen's health insurance plan contract with FMH. FMH removed the cause of action to this Court, stating that the claims relate to a plan of employer-sponsored group health insurance benefits that is governed by ERISA.

Olsen alleges two counts in his complaint. Each arises out of FMH's alleged failure to pay Olsen benefits under the ERISA plan. In Count I, Olsen alleges that FMH's failure to pay

plan benefits purportedly caused Olsen to suffer fear, anxiety, stress, anger, damage to his personal and financial reputation, and adverse impacts on his credit score. In Count II, Olsen seeks punitive damages, alleging that FMH's failure to pay plan benefits was "outrageous" and the result of "evil motives or reckless indifference to the rights of others."

**Legal Standard**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

When ruling on a motion to dismiss, a court must primarily consider the allegations contained in the complaint, but other matters referenced in the complaint may also be taken into account. Deerbrook Pavilion, LLC, v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000). "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Because Olsen alleges he was insured under the SSM Health Care Employee Health Care plan and a portion of the summary plan description for the plan is attached as an exhibit to Olsen's Response to FMH's Motion to Dismiss, I may consider its terms in ruling on the motion to dismiss. See Centers v. Centennial Mortg., Inc., 398 F.3d 930, 933 (7th Cir. 2005) ("[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to relief.").

The determination of whether an insurance policy qualifies as an employee welfare benefit plan under ERISA may be appropriate at the dismissal stage. See Antolik v. Saks, Inc., 463 F.3d 796, 802-03 (8th Cir. 2006); see also Johnson v. U.S. Bancorp, 387 F.3d 939, 942 (8th Cir. 2004). Indeed, the Eighth Circuit has held that the existence or non-existence of an ERISA plan is a jurisdictional prerequisite where federal question jurisdiction is the only basis for federal subject matter jurisdiction. Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 256 (8th Cir. 1994).

**Analysis**

*Olsen's state law claims are preempted by ERISA.*

ERISA preempts all state law claims relating to an employee benefit plan. 29 U.S.C. § 1144(a). Any "state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004); McAnally v. United Health Care Ins. Co., No. 1:07CV183, 2008 WL 495745, at *2 (E.D. Mo. Feb. 15, 2008) (explaining that ERISA's preemption provision is "conspicuous for its breadth" and that it clearly expresses Congress's "intent that ERISA's civil enforcement provisions be the exclusive remedy for actions by plan participants and beneficiaries").

Olsen's claims seek damages alleged to have been incurred by Olsen as a result of FMH's failure to pay plan benefits to Olsen under the plan's terms. FMH argues that Olsen's claims "relate to" an ERISA plan and seek relief that supplements or supplants the relief available under ERISA, and therefore Olsen's state law claims are preempted by ERISA and should be dismissed.

The question of whether ERISA applies to a particular plan or program requires an evaluation of the facts combined with an interpretation of the law. Kulinski, 21 F.3d at 256. ERISA defines an employee welfare benefit plan as "any plan, fund, or program ... established or maintained ... for the purpose of providing for its participants [specified] benefits." 29 U.S.C. § 1002. "To qualify as a plan, fund, or program under ERISA, a reasonable person must be able to ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits." Northwest Airlines, Inc. v. Fed. Ins. Co., 32 F.3d 349, 354 (8th Cir. 1994). Further, an employee welfare benefit plan must be "established or maintained" by the employer. 29 U.S.C. § 1002(3). Finally, according to the Eighth Circuit, "The pivotal inquiry is whether the plan requires the establishment of a separate, ongoing administrative scheme to administer the plan's benefits." Kulinski, 21 F.3d at 257.

Here, Olsen's complaint alleges that he was insured under the SSM Health Care Employee Health Care Plan, implying that the Plan provides health care benefits to an identifiable class of beneficiaries, the employees of SSM Health Care. Olsen also attached a portion of the summary plan description for the Plan as Exhibit B to his Response to FMH's Motion to Dismiss.

The summary plan description provides that Olsen is "a participant in the Plan . . . entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA)." The summary plan description also contains a detailed procedure by which plan participants may claim benefits, receive benefits, challenge the denial of benefits, and enforce their rights under ERISA. Therefore, there is no doubt that this is an ERISA plan and Olsen's state law claims are preempted.

*The relief Olsen seeks is not available under ERISA.*

FMH further argues that Olsen seeks relief not available under ERISA. ERISA does not allow recovery of extracontractual, compensatory, or punitive damages. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985) ("the statutory provision explicitly authorizing a beneficiary to bring an action to enforce his rights under the plan . . . says nothing about the recovery of extracontractual damages"); Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 942 (8th Cir. 1999) (ERISA "does not provide recourse for extracontractual damages related to a breach of the plan"); Mathis v. American Group Life Ins. Co., 873 F.Supp. 1348, 1359-60 (8th Cir. 1994) (ERISA does not authorize damages other than the payment of benefits due under the plan and "[C]ourts have repeatedly held that ERISA does not authorize extracontractual, compensatory, or punitive monetary damages."); Browning v. Grote Meat Co., 703 F.Supp. 790, 794 (E.D. Mo. 1988) (actual damages claimed by plaintiff for "great humiliation, embarrassment, damaged reputation, emotional distress, mental anguish fear and concern" are "extracontractual damages and as such are not provided for in ERISA's civil enforcement provisions").

In his complaint, Olsen does not specifically seek benefits under the plan and does not seek to enforce the plan's terms. Rather, Olsen seeks damages for fear, anxiety, stress, anger, damage to reputation, and an adverse impact on his credit score, as well as punitive damages. These are all extracontractual damages which are not authorized by ERISA.

*Plaintiff requests leave to amend his complaint to seek the relief available under ERISA.*

In the event that I found that Olsen's claims are preempted by ERISA, as I did above, Olsen seeks leave to amend his complaint to request the appropriate ERISA remedy. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely

5

given when justice so requires." Olsen argues that if ERISA preempts his state law claims, justice requires that I grant him leave to amend his complaint.

The ERISA statute provides various bases upon which a plaintiff can recover remedies against an ERISA plan provider. A participant or beneficiary who prevails in an action under ERISA to recover the benefits of an employee benefit plan will generally be entitled to compensation for the amount of lost or denied benefits and may also be entitled to a declaratory judgment concerning rights to future benefits under the plan. See 29 U.S.C.A. § 1132(a)(1)(B) (providing that a participant or beneficiary may bring a civil action to enforce rights under the terms of the plan or to clarify rights to future benefits). Olsen has alleged that FMH failed and refused to pay claims for covered services under his health plan with FMH. Thus, even though ERISA preempts his state law claims, Olsen has a right to recovery of the lost or denied benefits upon a showing that the denial of the claim was improper. 29 U.S.C.A. § 1132(a)(1)(B).

Due to the early nature of these proceedings, I will grant Olsen leave to amend his complaint to seek the relief available under ERISA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant FMH Benefit Services, Inc.'s Motion to Dismiss [#7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Eric Olsen shall be given leave to amend his complaint to seek the relief available under ERISA, in writing, no later than **June 3, 2008**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2008.